**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| SIERRA TATE and MICHELLE TATE,<br><br>Plaintiffs,<br><br>v.<br><br>WALGRE TRANSPORT INC. and THE HARTFORD NAVIGATORS INSURANCE COMPANY,<br><br>Defendants. | : | CASE NO.: 1:26-CV-82 (LAG) |

# ORDER

The purpose of this Order is to provide clarity as to the status of this case and direction to the Parties on how to proceed while this matter is stayed.

## PROCEDURAL BACKGROUND

On May 18, 2026, Plaintiffs initiated this case in the Superior Court of Sumter County, Georgia. (Doc. 1-1 at 3–182). Plaintiffs allege their previous employer, Defendant Walgre Transport Inc. (Walgre) and Walgre's insurance carrier, Defendant The Hartford Navigators Insurance Company (Navigators), willfully ignored electronic fault codes, air leaks, anti-lock braking system failures and tire pressure issues and coerced Plaintiffs to operate a mechanically unsafe tractor trailer. (*Id.* at 4). On June 18, 2026, Navigators removed the case to the U.S. District Court for the Middle District of Georgia. (Doc. 1). Walgre filed an Answer on June 25, 2026. (Doc. 10).

### Motion to Dismiss

On June 25, 2026, Navigators filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6), arguing that Plaintiffs do not have standing and "fail to state a claim upon which relief can be granted." (Doc. 9 at 1). Plaintiffs filed an Amended Response to the Motion to Dismiss on June 29, 2026. (Doc. 14). In the Amended Response, Plaintiffs assert that Walgre is "fundamentally insolvent, holds zero independent liquid

assets, and is entirely judgment-proof[, thus] . . . O.C.G.A. § 40-1-112(c) . . . explicitly authorize[s] a direct action against the insurer."[1] (Doc. 14 at 2–3). Plaintiffs further note the Motor Carrier Act and "MCS-90 Surety Binding . . . obligates an insurer to cover an insured's negligence involving 'vehicles subject to the financial responsibility requirements of the Motor Carrier Act.'" (*Id.* at 3); *see Grange Indem. Ins. Co. v. Burns*, 788 S.E.2d 138, 140 (Ga. App. 2016) (quoting *Canal Ins. Co. v. Coleman*, 625 F.3d 244, 245 (5th Cir. 2010)). Accordingly, the Motion to Dismiss (Doc. 9) is ripe for review.

**Motion for Judgment on the Pleadings**

Walgre filed a Motion for Judgment on the Pleadings on July 23, 2026. (Doc. 29). Plaintiffs responded to the Motion for Judgment on the Pleadings on July 31, 2026. (Doc. 33). No reply was filed. (*See* Docket). The Motion for Judgment on the Pleadings (Doc. 29) is ripe for review.

**Motions to Stay**

On July 9, 2026, the Court issued a Rules 16/26 Order, directing the parties to meet, confer and submit a proposed scheduling and discovery order to the Court by August 10, 2026. (Doc. 21). On July 15, 2026, Navigators filed a Motion to Stay the Rules 16/26 conference until the Court decides the Motion to Dismiss. (Doc. 25). Plaintiffs filed a Response opposing Navigator's Motion to Stay on July 20, 2026. (Doc. 26). On August 3, 2026, Navigators filed a Reply. (Doc. 37). On July 23, 2026, Walgre filed a Motion to Stay all Discovery Deadlines. (Doc. 30). On July 31, 2026, Plaintiffs filed a combined Response to the Motion for Judgment on the Pleadings and Motion to Stay all Discovery Deadlines. (Doc. 33). No reply was filed. (*See* Docket).

On August 3, 2026, Plaintiffs filed a Notice of Record, Spoliation Threat and Factual Chronology Regarding Defendants' Motions to Stay. (Doc. 34). The Court held a

---

[1] The Court takes judicial notice that a bankruptcy action was filed in U.S. Bankruptcy Court in the District of North Dakota on June 28, 2025. *U.S. v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[A] court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." (internal citation omitted)). The bankruptcy court granted Plaintiffs relief from the automatic stay, permitting Plaintiffs to commence a personal injury lawsuit against Walgre "with any recovery limited to insurance proceeds only and not property of the estate." *In re: Walgre Transport, Inc*, No. 25-30284 (N.D. May 5, 2026).

Status Conference on August 4, 2026, and granted the Motions to Stay. (Docs. 39, 25, 30). On August 18, 2026, Plaintiffs filed a Motion to Vacate/Lift Stay of Discovery and Adopt Discovery Scheduled Filed. (Doc. 41).

**Motions to Amend**

On August 3, 2026, Plaintiffs filed a Motion for Leave to File Amended Complaint (Doc. 35) and a proposed order (Doc. 36). Plaintiffs did not attach a proposed amended complaint; rather, they attached exhibits of the Federal Motor Carrier information regarding the National Interstate Insurance Company and Navigators. (Docs. 35-1–35-3). On August 18, 2026, Plaintiffs filed a Motion for Expedited Ruling on Pending Motion for Leave to File Amended Complaint. (Doc. 40). On August 21, 2026, Navigators filed a Response in opposition to Plaintiff's Motion for Leave to File Amended Complaint. (Doc. 43). Navigators' Response avers that Plaintiffs failed to attach a proposed amended complaint, and the proposed amendments do not cure the legal deficiencies identified in the Motion to Dismiss. (*Id.*). On August 28, 2026, Plaintiffs filed a Notice titled Filing Proposed Amended Complaint. (Doc. 44). On August 31, 2026, Plaintiffs filed a Reply to Navigators' Response in opposition to the Motion for Leave to File Amended Complaint, arguing that the filing of the Notice cured the procedural deficiencies of the Motion. (Docs. 44, 45).

On September 2, 2026, Walgre filed a Motion to Strike (or in the alternative disregard) the Notice (Doc. 44) as procedurally improper because the Motion for Leave to File Amended Complaint only sought to join a new defendant, whereas the Notice (Doc. 44) attempts to "unilaterally replace all [Plaintiffs'] original allegations and claims and add new claims against Walgre, well after Defendants' window to oppose Plaintiffs' Motion to Amend expired." (Doc. 46 at 1–2). On September 8, 2026, Plaintiffs filed a Response, opposing the Motion to Strike. (Doc. 47).

On September 14, 2026, Plaintiffs filed a Motion for Leave to File Revised, Corrected and Consolidated First Amended Complaint and attached a Proposed Amended Complaint. (Docs. 48, 48-2). On September 15, 2026, Defendant Walgre called the Court seeking guidance on how to proceed considering the stay and the subsequent filings. Call

from Steven Austin King, Counsel for Defendant Walgre, to Jenna Peek, Courtroom Deputy, U.S. District Court for the Middle District of Georgia (September 15, 2026, 4:28 PM).

On October 2, 2026, Defendants filed their respective Responses to the Motion for Leave to File Revised, Corrected and Consolidated First Amended Complaint. (Docs. 49, 50). On October 9, 2026, Plaintiffs filed their Reply. (Doc. 51). The Motion for Leave to File Revised, Corrected and Consolidated First Amended Complaint (Doc. 48) is ripe for review.

**Miscellaneous Filings (Docs. 28, 32, 38)**

On July 23, 2026, Plaintiffs filed a Notice of Defendants' Failure to Meet and Confer Pursuant to Fed. R. Civ. P. 26(f) and Plaintiffs' Unilateral Discovery Plan. (Doc. 28). On July 28, 2026, Plaintiffs filed a Notice of Supplemental Submission of Consolidated Color Exhibits A–I. (Doc. 32). The July 28 Notice purports to set forth the active insurance information regarding Navigators' and non-party National Interstate Insurance Company's operational policies covering Walgre. (Doc. 32 at 2; *see generally* Docs. 32-1–32-10). On August 4, 2026, Plaintiffs filed an "Amended Demand for Judgment and Statement of Total Pecuniary and Non-Pecuniary Exposure ($20,000,000) Pursuant to IRC § 104(a)(2)." (Doc. 38).

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15, Plaintiffs had until July 16, 2026—21 days after service of the Complaint or the filing of Defendant's Answer or Motion to Dismiss—to amend the Complaint as a matter of Course. Fed. R. Civ. P. 15(a)(1). Thereafter, Plaintiffs "may amend [their] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As the 21 days lapsed for Plaintiffs prior to the filing of the first Motion to Amend on August 3, 2026, and as Plaintiffs have not indicated that Defendants consent to the amendment, the Complaint can only be amended with leave of the Court. Fed. R. Civ. P. 15(a)(2).

Defendants are correct that the Motion for Leave to File Amended Complaint was deficient. "A motion for leave to file an amended complaint 'should either set forth the

substance of the proposed amendment or attach a copy of the proposed amendment.'" *Williams v. State Farm Fire and Cas. Co.*, No. 7:25-CV-154 (LAG), 2026 WL 1199257, at *1 (M.D. Ga. May 1, 2026) (quoting *My24HourNews.com, Inc. v. AT&T Corp.*, 791 F. App'x 788, 802 (11th Cir. 2019)). Defendants' point is moot, however, as Plaintiffs filed Motion for Leave to File Revised, Corrected and Consolidated First Amended Complaint with a Proposed Amended Complaint. (Docs. 48, 48-2). *See Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; 'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" (quoting *Proctor & Gamble Defense Corp. v. Bean,* 146 F.2d 598, 601 n. 7 (5th Cir.1945))). Accordingly, Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 35) and Notice (Doc. 44) are **DENIED as moot**. Likewise, Walgre's Motion to Strike the improperly filed proposed amended complaint (Doc. 46) is **DENIED as moot**. The Court will consider the Motion for Leave to File Revised, Corrected and Consolidated First Amended Complaint with a Proposed Amended Complaint. (Docs. 48, 48-2).

Upon due consideration, Plaintiffs' Motion to Vacate/Lift Stay of Discovery and Adopt Discovery Scheduled Filed (Doc. 41) is **DENIED**. To the extent that Plaintiff is attempting to amend the Complaint through the Amended Demand for Judgment and Statement of Total Pecuniary and Non-Pecuniary Exposure (Doc. 38), this is not a motion properly before the Court. *See* Local Rule 7.1 ("Unless the assigned judge prescribes otherwise, every motion filed in a civil proceeding shall be accompanied by a memorandum of law citing supporting authorities."). As the Amended Demand for Judgment is not properly before the Court, the Court sua sponte **STRIKES** the Amended Demand (Doc. 38) from the record.

Finally, while Plaintiffs are proceeding pro se, they are required to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiffs should consult these rules prior to making any filings. Furthermore, while the stay in this matter is in effect, no Parties are required to respond to any motions, notices, or other pleadings unless the Court expressly directs a Party to do so.

## CONCLUSION

The Parties are hereby **ORDERED** that, unless the Court directs a response, no response is required to any filings, motions or pleading filed after this Order. The Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 35), Plaintiffs' Notice (Doc. 44), and Walgre's Motion to Strike 44 Notice (Doc. 46) are **DENIED as moot**. Plaintiffs' Motion to Vacate/Lift Stay of Discovery and Adopt Discovery Scheduled Filed (Doc. 41) is **DENIED**. Furthermore, Plaintiffs' Amended Demand for Judgment (Doc. 38) is **STRICKEN** from the record.

**SO ORDERED**, this 20th day of October, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**